IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT, <br><br>   Plaintiff, <br><br> vs. <br><br> B.S. <br><br>   Defendant. <br>_____/ <br> B.S. <br><br>   Counterclaimant <br> vs. <br><br> FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT, <br><br>   Counterdefendant <br>_____/ | No. CIV S-12-2087 KJM-DAD <br><br><br><br><br><br><br><br><br><br><br><br><br><br> ORDER |

       Minor defendant and counterclaimant B.S. has moved for the court to appoint his mother Donna S. as his guardian ad litem. (Pet. For App't of Guardian Ad Litem, ECF 16.) Plaintiff and counterdefendant Fairfield-Suisun Unified School District has not filed an opposition. For the reasons discussed below, the court GRANTS plaintiffs' request.

1

Federal Rule of Civil Procedure 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

When the court determines that the interests of a minor or incompetent person are adequately protected, an appointment under Rule 17(c)(2) is not necessarily required. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986); *M.S. v. Wermers*, 557 F.2d 170, 174 (8th Cir. 1977). For example, no guardian ad litem was necessary in a case where a minor plaintiff "assert[ed] her own statutory and constitutional rights independent of her parents, . . . . [did] not seek monetary relief but raise[d] statutory and constitutional claims aimed at declaratory and injunctive relief, . . . . [and was] represented by able and experienced counsel." *T.H. v. Jones*, 425 F. Supp. 873, 877 (D. Utah 1975). *See also Jacobs v. Board of Sch. Com'rs*, 490 F.2d 601, 604 (7th Cir. 1973), *vacated on other grounds by Board of Sch. Com'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128 (1975) (determining that district court did not abuse its discretion by refusing to appoint guardian ad litem after considering that suit was based on constitutional issues and did not demand significant monetary recovery).

At the same time, with reference to Rule 17, this court's Local Rules provide:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court. See Fed. R. Civ. P. 17(c).

L.R. 202(a).

As B.S. has expressly requested the appointment of a guardian ad litem, the court considers the request without considering whether B.S.'s interests are otherwise protected. *See M.S.*, 557 F.2d at 174 (no authority for proposition that district court's appointment of a guardian

ad litem was determined to be an abuse of discretion).

The appropriate choice for a child's guardian ad litem is typically his or her parent. *See Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001); *Gonzalez v. Reno,* 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000). However, courts should not appoint parents as guardians ad litem when there is a conflict between the interests of the minor children and those of the parents. *Compare M.S.*, 557 F.2d at 175 (parents were inappropriate guardians ad litem as minor plaintiff filed suit challenging law requiring parental consent for access to contraceptives) *with Phelan v. Brentwood Union Sch. Dist.*, No. C 12-00465 LB, 2012 WL 909294, at *2 (N.D. Cal. 2012) (no apparent conflict of interest based on father's and son's Fourth and Fourteenth amendment claims against son's school and teacher from injuries son suffered at school). Here, Donna S. has no interests adverse to those of B.S. (ECF 16.)

Accordingly, IT IS HEREBY ORDERED:

1. The court GRANTS B.S.'s request to appoint Donna S. as his Guardian Ad Litem.

DATED: January 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

3